# F. A. North & Co., Appellants, *v.* Mrs. E. M. Yorke.

*Practice, C. P.—Sufficiency of affidavit of defense—Conditional sale.*

Under a contract, in form a bailment, but, as between the parties at
least, a conditional sale, an affidavit is sufficient which, admitting a de-
fault in the payment of instalments of purchase money due under the con-
tract, averred a surrender of the chattel in controversy, that it was at the
time of such return worth more than the balance due by defendant thereon,
and finally that the vendor plaintiff accepted the organ in full settlement
and satisfaction of any claims against the affiant.

Argued Dec. 7, 1897. Appeal, No. 55, Oct. T., 1897, by
plaintiffs, from judgment of C. P. Montgomery Co., Dec. T.,
1894, No. 102, refusing judgment for want of a sufficient affi-
davit of defense. Before RICE, P. J., WICKHAM, BEAVER,
REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before SWARTZ, P. J.

The plaintiffs, by a written agreement in the form of a lease,
sold to defendant a symphony organ and from time to time sold
to the defendant certain rolls of music for use in said organ.
The defendant having become in arrears and the terms of the
alleged lease having fully expired, plaintiffs demanded a settle-
ment of the arrearages of the alleged rental, which defendant
could not make. During the pendency of negotiations the or-

gan and music were returned, and the plaintiffs brought suit to recover the alleged arrearages of rental.

Defendant filed an affidavit of defense as follows :

E. M. Yorke, defendant above named, being duly sworn according to law, deposes and saith :

That she has a full and complete defense against the whole of the claim on which suit has been brought against her in the above case, of the following nature, to wit:

That on or about March 31, 1891, said plaintiffs sold to her the certain organ referred to in plaintiffs' claim, conditionally upon her payment therefor of the sum of four hundred and seventy-five dollars ($475), in monthly instalments on said organ.

That said defendant paid between the 1st day of May, and the 28th day of January, 1893, on account of said monthly instalments the sum of one hundred and seventy-five dollars ($175) on said organ, and finding herself unable to pay the balance of said purchase money, surrendered and delivered said organ to said plaintiffs on or about July 31, 1893, and plaintiffs accepted the same ; and the said defendant is advised that by said acceptance she was forthwith released from further liability on said contract of purchase.

And the said defendant further saith that at the time of the return to the said plaintiffs of said organ, the same was worth more money than the balance of the contract price for the purchase of the same after deducting therefrom the payments made by her, and that she verily believes and expects to be able to prove that said plaintiffs accepted said organ in full settlement and satisfaction of any claim they might have against her, by reason of her contract of purchase with them.

All of which facts defendant believes to be true and expects to be able to prove on trial of above case.

A former branch of this case was reported in 174 Pa. 349.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense.   Plaintiffs appealed.

*Errors assigned* among others were (1, 2) In discharging plaintiffs' rule for judgment for want of a sufficient affidavit of defense, and not making the same absolute.   (3)  In holding as follows :  " The contract was in reality a conditional sale, but

the law allows these contracts to be clothed in the dress of bailments, and sustains them as such in the interest of both the vendor and vendee." (4) In holding that "the penalty for nonpayment is a redelivery of the organ to the vendor, and the repossession is a discharge of the penalty. The vendor could have proceeded against the defendant for the overdue instalments; he saw fit, however, to take the other remedy; either was complete in itself, and the plaintiffs in default could collect the money or retake the organ. The two remedies were not cumulative; they could not adopt both unless it was plainly expressed in the contract, or a necessary implication from its terms." (5) In holding that "at the end of the term, if the payments were made, the organ was the property of the defendant, without the further payment of a penny." (6) In holding that "taking back the organ in default of payments was a rescission of the contract, and an end of any personal obligation on the part of the lessee." (7) In holding that "the defendant says she returned the organ because she was unable to make the payments. This was a privilege as well as a duty under her contract. In default of any monthly payment the said lessee agrees to redeliver said organ to the party of the first part. Even if this provision was made for the protection of the lessors, and they alone could take advantage of it, still, as they accepted the organ, as alleged in the affidavit, it was a redelivery under the terms of the lease, because of default in payments."

*Chapman & Chapman*, with them *Joseph Fornance*, for appellants.—This affidavit does not set out any agreement between plaintiffs and defendant, either to accept said organ as a partial or a total satisfaction. It can be presumed that there was no such agreement, otherwise it would have been set out, and it is therefore the more necessary for affiant to set out the facts on which she bases her statement, that she " verily believes " the plaintiffs accepted said surrender in full satisfaction. Her averment of acceptance by plaintiffs, without anything to show how, when, or in what manner, is a statement of a legal conclusion, and insufficient: Bank v. Stadelman, 153 Pa. 634.

In holding that the contract is in reality a conditional sale, masquerading under the guise of a bailment, the learned court below has committed a serious error : Edwards' Appeal, 105 Pa.

103; Jones v. Wands, 1 Pa. Superior Ct. 269; Rieker v. Koechling, 4 Pa. Superior Ct. 286.

The contract contained the essential feature of a lease or contract of hiring, to wit: The provision for the return of the goods: Farquhar v. McAlevy, 142 Pa. 234.

*Henry Pleasants*, with him *Montgomery Evans* and *George W. Reed*, for appellee.—Either remedy was complete in itself, and the plaintiffs, on default, could adopt either; but they were not cumulative; they could not adopt both unless it was plainly expressed in the contract, or a necessary implication from its terms.

Similar rulings were previously made by the Supreme Court in Campbell v. Hickock, 140 Pa. 290, Scott v. Hough, 151 Pa. 630, and Durr v. Replogle, 167 Pa. 347.

OPINION BY PORTER, J., January 18, 1898:

Agreements of the kind disclosed in this case usually come before the courts for interpretation in controversies between the vendor of chattels and creditors of the vendee. Here we are required to construe the agreement as between the original parties to it.

The form of the contract is one of hiring or bailment, but the parties evidently intended that the event should be an absolute purchase: Seanor v. McLaughlin, 165 Pa. 154. In construing this contract and in determining the rights and liabilities under it, we must look not so much to form as to substance and intention. The plaintiff under the form of a lease, in effect, sold to the defendant an organ on certain expressed conditions. Payment was to be made in periodic instalments covering a specified period. These instalments were called rent, but as between the original parties they were in fact payments on account of the purchase money. On the failure to pay any instalment the defendant agreed to redeliver the chattel to the plaintiff. On a failure so to deliver the plaintiff had the right to reposses himself of the chattel, should he so desire. In this case the defendant fell into default and did not immediately redeliver to the plaintiff. The plaintiff did not exercise his right to take possession but allowed subsequent defaults to occur, and did not at any time during the running of the con-

tract repossess himself of the chattel. The only construction that can reasonably be placed upon this course of action is that the plaintiff extended the time for the payment of the instalments.

At the expiration of the time when all the instalments should have been paid, the plaintiff was entitled to recover the total amount stipulated by the contract to be paid with interest. Failing to immediately demand this, the organ seems to have remained with the defendant for a considerable time. Being unable to discharge the balance of her indebtedness she avers " That she surrendered and delivered said organ to said plaintiffs on or about July 31, 1893." This was a right as well as an obligation under the conditions of the contract.

The affidavit contains the further averment: " That at the time of the return to said plaintiffs of said organ the same was worth more money than the balance of the contract price." She further avers that " She believes and expects to be able to prove that said plaintiffs accepted said organ in full settlement and satisfaction of any claims they might have against her."

While the affidavit might have been more specific in detail, yet we are satisfied that the averments are sufficiently set forth to prevent the entry of judgment, and we do not regard it as necessary at this stage of the cause to do more than indicate our views of the contract as above expressed.

The order of the court below discharging the rule for judgment is affirmed.